IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Case Number: 1:20-CR-224 |
| KEITH ISSIAH SLADE, | ) | |
| | ) | Honorable Rossie D. Alston, Jr. |
| Defendant. | ) | Sentencing: December 9, 2020 |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

The United States of America, by and through its attorneys, G. Zachary Terwilliger, United States Attorney for the Eastern District of Virginia, Karolina Klyuchnikova, Special Assistant United States Attorney, and Bibeane Metsch, Assistant United States Attorney, in accordance with 18 U.S.C. § 3553(a) and the United States Sentencing Commission Guidelines Manual ("U.S.S.G." or the "Guidelines"), hereby files this position of the United States with respect to sentencing of the defendant, KEITH ISSIAH SLADE (hereinafter, "SLADE" or "defendant").

The United States has no objection to the Presentence Report ("PSR"), Dkt. No. 53. The PSR correctly calculates the Guidelines range to be 18 to 24 months' imprisonment each for Count 1 (conspiracy to distribute, and possess with intent to distribute, fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 846) and Count 2 (distribution of fentanyl, in violation of 21 U.S.C. § 841(a)(1)).  The United States moves for a one-level reduction of the defendant's Guidelines level pursuant to U.S.S.G. § 3E1.1(b), in recognition of the defendant's timely guilty plea and his acceptance of responsibility.  The Probation Office has already applied that reduction in paragraph 47 of the PSR.  The United States agrees that the defendant has clearly demonstrated

1

acceptance of responsibility for the offense. The Probation Office has already accounted for this two-level decrease in the Guidelines calculation in paragraph 46 of the PSR.

The United States respectfully submits that a sentence of 24 months' imprisonment for Count 1 and Count 2, to run concurrent, is sufficient, but not greater than necessary, to accomplish the goals of 18 U.S.C. § 3553(a).

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

The defendant and co-conspirator 1 ("CC-1") obtained heroin and/or fentanyl for resale from sources of supply located in Baltimore, Maryland. The defendant would sometimes drive CC-1 to Baltimore to meet with CC-1's supplier. On other occasions, the defendant would meet with customers and provide them with heroin/fentanyl on behalf of CC-1. On still other occasions, the defendant and CC-1 would sell the heroin and/or fentanyl in capsule form together.

From in or about February 2019 to in or about May 2019, the defendant and CC-1 sold at least 55 capsules containing heroin and/or fentanyl to Individual 1 during the course of the conspiracy.

On or about May 31, 2019, the defendant and CC-1 distributed fentanyl to Individual 1 in Fairfax, Virginia, within the Eastern District of Virginia. On this date, the defendant and CC-1 met with Individual 1. Individual 1 gave United States currency to the defendant and CC-1, who in turn provided Individual 1 with 3 capsules containing fentanyl.

Later that night, Individual 1 passed away as a result of a drug overdose in Fairfax County, Virginia. Individual 1's death was caused by accidental mixed drug intoxication; fentanyl was present in Individual 1's body, among other substances.

During the course and in furtherance of the conspiracy, the defendant was personally involved in the distribution of, or it was reasonably foreseeable to Slade that his co-conspirators distributed in furtherance of the conspiracy, at least 16 grams but less than 24 grams of a mixture and substance containing fentanyl (Level 18).

On September 24, 2020, the defendant pleaded guilty to an information charging him with one count of the conspiracy to distribute, and possess with intent to distribute, a mixture and substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide, commonly referred to as fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and one count of distribution of a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. § 841(a)(1).

## II. ARGUMENT

### a. Overview of Applicable Law

Although the Supreme Court rendered the Guidelines advisory in *United States v. Booker*, 543 U.S. 220 (2005), a sentencing court still must "consult those Guidelines and take them into account when sentencing." *Booker*, 543 U.S. at 264. "[A] district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

When imposing a sentence that is "sufficient, but not greater than necessary," Section 3553 states that the Court shall consider the nature and circumstances of the offense and the history and characteristics of the defendant. The Court must also consider other factors, including the need

for the sentence "to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) & (B). In addition, the sentence should protect the public from further crimes of the defendant and provide the defendant with needed correctional treatment. 18 U.S.C. § 3553(a)(2)(C) & (D). Finally, the sentence should address "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

      b. <u>Guidelines Calculation</u>

In accordance with Section 6A1.2 of the Guidelines and Policy Statements and this Court's policy regarding Guideline sentencing, the United States has reviewed the PSR prepared in this matter. The PSR correctly calculates the Guidelines range to be 18 to 24 months' imprisonment each for Count 1 and Count 2.

      i. <u>Application of 18 U.S.C. § 3553 Factors to the Defendant's Case</u>

The factors set forth in 18 U.S.C. § 3553(a) warrant a term of imprisonment. The defendant was a fentanyl and heroin distributor whose distribution contributed to the mixed drug overdose death of Individual 1.

Fentanyl imposes a significant harm on society. It is an addictive and dangerous drug that destroys the lives of users, and has far reaching consequences on the users' families, friends, and communities. The resultant cost on society is tremendous, including the cost of law enforcement, healthcare, loss of productivity, and mental health treatment. The defendant engaged in these actions without any regard for the harms to society and the users, and did so for his own financial gain. The defendant sold a dangerous drug to numerous customers, including on numerous

4

occasions to Individual 1. The defendant's actions contributed to the death of Individual 1, who was found unresponsive by her mother after ingesting the fentanyl provided by the defendant, and was later pronounced deceased. The lives of Individual 1's parents, daughter, and other people that knew her were changed irreversibly due, in part, to the fentanyl that the defendant sold to Individual 1. A period of incarceration is necessary to account for the unfortunate death of Individual 1, to promote respect for the law, and to deter future criminal conduct by the defendant and others.

The defendant accepted responsibility for his actions in a speedy manner. He has been forthright and cooperative since his arrest, and does not have any prior criminal convictions. The defendant's criminal conduct of distributing deadly fentanyl, however, was extremely dangerous to society, self-serving, and resulted in the death of another individual. In light of the defendant's instant criminal conduct, his speedy acceptance of responsibility, and those additional factors set forth above, the government submits that a sentence of 24 months' imprisonment for Count 1 and Count 2, to run concurrent, is sufficient, but not greater than necessary, to further the goals in 18 U.S.C. § 3553(a).

## 2.  CONCLUSION

For the reasons stated above, the United States respectfully requests that the Court impose a sentence of 24 months' imprisonment for each count, to run concurrent.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: _____/s/_____
Karolina Klyuchnikova
Special Assistant United States Attorney (LT)

Bibeane Metsch
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of December 2020, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

                                                /s/
                                      Karolina Klyuchnikova
                                      Special Assistant United States Attorney
                                      United States Attorney's Office
                                      2100 Jamieson Avenue
                                      Alexandria, VA 22314
                                      Phone: (703) 299-3700
                                      Karolina.Klyuchnikova@usdoj.gov